UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OMS INVESTMENTS, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | CASE NO. 2:07-cv-63 |
| | : | |
| v. | : | JUDGE MARBLEY |
| | : | |
| LEBANON SEABOARD CORPORATION, | : | MAGISTRATE JUDGE ABEL |
| a Pennsylvania corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFFS' RESPONSE TO LEBANON SEABOARD CORPORATION'S
MOTION FOR ORAL ARGUMENT ON PLAINTIFFS'
<u>MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS</u>**

Plaintiffs OMS Investments, Inc. and The Scotts Company LLC ("Scotts") hereby respond to Defendant Lebanon Seaboard Corporation's ("Lebanon") motion for oral argument concerning Plaintiffs' motion to enforce settlement (Doc. 95). In its motion, Lebanon claims that there are "complex factual issues" related to the settlement negotiations and that "the parties appeared to make progress toward settlement" at the February mediation. In actuality, the opposite is true. An agreement <u>was</u> reached. There is nothing complex, or contested, about the <u>fact</u> that Lebanon signed the clear and unambiguous February 17, 2009 letter agreement in which it confirmed its agreement at the mediation to phase-out the trade dress for its Southern Formula Garden Weed Preventer label, and the <u>fact</u> that Lebanon now wishes to re-write this clear agreement so that, not only does it <u>not</u> have to phase-out the label, but it is also allowed to re-launch essentially the exact same label it clearly and unambiguously agreed to phase-out. Only by slight-of-hand maneuvering and legal razzmatazz under the guise of claiming "complex factual issues" exist is Lebanon able to ignore its written agreement and claim it really didn't

agree to phase-out its Southern Formula label.  Fortunately, the case law regarding the enforcement of settlement agreements and the interpretation of such agreements so that parties may not re-write them after-the-fact, as Lebanon is attempting to do here, is clear and uncontested in the briefs.  Accordingly, Scotts does not believe that either the factual or legal issues presented in its motion to enforce settlement are complex under S.D. Ohio Civ. Rule 7.1(b)(2) such that oral argument is necessary or would be helpful to the Court in its determination.

Respectfully submitted,

/s/ David J. Butler
David J. Butler (0068455) (Trial Attorney)
dbutler@cwslaw.com
CHESTER, WILLCOX & SAXBE LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: (614) 221-4000
Facsimile: (614) 221-4012

Susan E. Hollander (*pro hac vice*)
shollander@manatt.com
Kathryn A. B. Bartow  (*pro hac vice*)
kbartow@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Bldg. 2
Palo Alto, California 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for Plaintiffs*
*OMS Investments, Inc. and*
*The Scotts Company LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Plaintiffs' Response to Lebanon Seaboard Corporation's Motion for Oral Argument on Plaintiffs' Motion to Enforce Settlement and for Sanctions* has been served by the Court's CM/ECF system this 4th day of June, 2009 upon:

Holiday W. Banta, Esq.
Spiro Bereveskos, Esq.
Woodard, Emhardt, Moriarty
  McNett & Henry, LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137

D. Michael Crites, Esq.
Gregory P. Mathews, Esq.
Dinsmore & Shohl, LLP
191 West Nationwide Boulevard
Suite 300
Columbus, Ohio 3215

                                                /s/ David J. Butler
                                                David J. Butler