UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OMS INVESTMENTS, INC., a Delaware corporation, et al., | ) ) ) | Case No. 2:07-cv-63 |
| Plaintiffs, | ) ) | JUDGE MARBLEY |
| vs. | ) ) ) | MAGISTRATE JUDGE ABEL |
| LEBANON SEABOARD CORPORATION, a Pennsylvania corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS OMS INVESTMENTS, INC. AND THE SCOTTS COMPANY LLC'S MOTION TO PRECLUDE DEFENDANT LEBANON SEABOARD CORPORATION FROM RELYING ON ANY OPINION OF COUNSEL AT TRIAL**

Plaintiffs OMS Investments, Inc. and The Scotts Company LLC ("Plaintiffs" or "Scotts") hereby move to preclude Defendant Lebanon Seaboard Corporation ("Defendant" or "Lebanon") from relying on any opinion of counsel to defend against Scotts' willful infringement claims. Defendant has asserted the attorney-client privilege in discovery and refused to produce its opinion of counsel or any related documentation or testimony regarding its adoption of the PREEN trade dress which is the subject of this lawsuit. At the same time, Defendant has refused to confirm that it does not intend to rely on any opinion of counsel to defend against Scotts' willful infringement claim and/or to support Defendant's "good faith" affirmative defense. Accordingly, for the reasons set forth in the attached memorandum in support and in order to prevent Defendant from using the attorney-client privilege as both a shield and a sword, Scotts seeks an order from the Court precluding Defendant from relying on any opinion of counsel or related documents or testimony to defend against Scotts' willfulness claim or support its "good faith" defense.

Respectfully submitted,

/s/ David J. Butler
David J. Butler (0068455) (Trial Attorney)
dbutler@cwslaw.com
CHESTER, WILLCOX & SAXBE LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone:	(614) 221-4000
Facsimile:	(614) 221-4012

Susan E. Hollander (pro hac vice)
Kathryn B. Bartow (pro hac vice)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Bldg. 2
Palo Alto, California 94304
Telephone:	(650) 812-1300
Facsimile:	(650) 213-0260

*Attorneys for Plaintiffs*
*OMS Investments, Inc. and The Scotts Company LLC*

**MEMORANDUM IN SUPPORT**

I.    **FACTUAL BACKGROUND.**

    A.    **Lebanon Adopts A Trade Dress That is Confusingly Similar to Scotts' Trade Dress.**

In 2005, Lebanon drastically revised the trade dress it used on its PREEN® Garden Weed Preventer and PREEN® lawn products. With its new packaging, Defendant adopted a trade dress that is confusingly similar to the trade dress Scotts uses on its MIRACLE-GRO® Garden Weed Preventer and on its TURF BUILDER® lawn products. Accordingly, Scotts filed the instant action, seeking damages and injunctive relief for Defendant's willful infringement and dilution of Scotts' famous and distinctive MIRACLE-GRO® and TURF BUILDER® trade dress.

    B.    **Scotts Claims Lebanon Willfully Infringes Scotts' Trade Dress and Lebanon Asserts Good Faith.**

In its Complaint, Scotts claims that, in adopting its new 2005 trade dress, Lebanon infringed Scotts' trade dress rights. Specifically, Scotts claims that the PREEN Garden Weed Preventer and PREEN lawn products trade dress infringes Scotts' MIRACLE-GRO Garden Weed Preventer and TURF BUILDER trade dress. Scotts alleges that such infringement was willful. In its Answer, Lebanon denied Scotts' willful infringement claims and asserted an affirmative defense of "good faith." Importantly, if Scotts is successful in establishing willfulness, Scotts will be entitled to recover treble damages and its attorneys' fees and costs. A willfulness finding may also impact insurance coverage issues that exist between Lebanon and its carriers.

    C.    **Lebanon Refuses to Produce Certain Documents Related to Scotts' Willful Infringement Claim.**

It is common for a defendant in a Lanham Act case such as this to defend a willfulness charge on the basis that the allegedly infringing activity was performed on the advice of legal counsel. Similarly, advice of counsel may be used by a Lanham Act defendant to support a "good faith" defense. Accordingly, in discovery, Scotts requested that Lebanon produce "[a]ll

3

documents, including but not limited to internal memoranda, drafts, and handwritten notes, concerning the development, creation, selection and/or adoption of Defendant's Trade Dress" and all documents supporting or refuting each of the Affirmative Defenses asserted in the Answer, including Lebanon's "good faith" defense.  (*See* Declaration of David J. Butler ("Butler Decl.") Ex. 1 Requests 21 and 36).  In response Lebanon objected, asserting attorney-client privilege and then produced a privilege log.  (*See Id*. Ex. 2 and 3).  Lebanon's privilege log includes documents that relate to advice that Lebanon received from legal counsel in relation to the trade dress at issue.  (*See Id.* Ex. 3, Documents 1-4 and 12-24).  The documents indicate Lebanon's awareness that its proposed 2005 trade dress was likely infringing, and a need to obtain advice of counsel on the issue.  Accordingly, on May 7, 2010 and May 27, 2010, Scotts requested that Lebanon produce the opinions of counsel it received regarding the trade dress.  (*See Id.* Ex. 4-5).  Lebanon refused.  (*See Id.* Ex. 6 June 2, 2010 correspondence).

> **D.  Lebanon Refuses to Confirm That It Will Not Rely On Any Advice of Counsel As A Defense.**

In refusing to produce the opinions of counsel that Scotts requested, Lebanon asserted that it "does not intend to rely on these documents at trial" and so it would not be producing them.  (*See Id*. Ex. 6 June 2, 2010 correspondence).  Scotts wrote to Lebanon on June 4, to confirm its understanding, pursuant to Lebanon's June 2nd communication, that Lebanon does not intend to rely on <u>any</u> legal opinion to defeat a claim of willful infringement.  (*See Id*. Ex. 7).  On June 9, rather than confirm this understanding, Lebanon responded in a cryptic manner stating only that Scotts' June 4 letter reflected Plaintiffs' position.  (*See Id.* Ex. 8).  Thus, Lebanon did not confirm that Lebanon would not be relying on any legal opinion or related documents to defend against the willful infringement claim or to support its "good faith" defense.  (*See Id*.).

**II.  ARGUMENT.**

A party may not rely on an opinion of counsel to establish a good faith defense to a willful infringement claim and at the same time refuse to produce the legal opinion and related

4

documentation.  To do so would be to use the attorney-client privilege as both a shield and a sword, which is impermissible.  *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (defendant may not use privilege as both a sword and a shield).  If Defendant is allowed to present such evidence of attorney communications and actions in support of its defense that it did not willfully infringe Scotts' trade dress and at the same time refuse to produce those opinions and related documentation to Scotts, then Scotts will be denied a fair and full opportunity to challenge Defendant's evidence.  Defendant "cannot have it both ways; [it] cannot seek refuge in consultation with counsel as evidence of [its] good faith yet prevent [opponents] from discovering the contents of the communication."  *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.,* 834 F.Supp. 1008, 1012 (N.D.Ill. 1993).

> **A.      Defendant Must Disclose Whether It Intends To Use An Advice of Counsel Defense.**

Defendant has claimed that it need not disclose the particular opinions of counsel listed on the privilege log because it does not intend to rely on those opinions.  (*See* Butler Decl., Ex. 6).  Yet, when Scotts requested that Defendant confirm it does not intend to rely on any opinion of counsel or related documentation (in addition to just the items listed on the privilege log), Defendant refused to provide such confirmation.  (*See Id*. Ex. 8).  A defendant, however, may be required to declare during discovery whether it intends to assert an advice-of-counsel defense at trial in order to permit the plaintiff to pursue discovery. *See Smithkline Beecham Corp. v. Apotex Corp.*, 2005 WL 243662 (E.D. Pa. 2005) (citations omitted); *Claffey v. River Oaks Hyundai*, 486 F.Supp.2d 776 (N.D. Ill. 2007) (requiring defendant to elect whether it was going to rely on advice of counsel to support its defense against plaintiffs' willfulness claims).  Defendant must not be allowed to wait until the eve of trial to confirm whether it intends tor rely on advice of counsel as a defense to Scotts' willful infringement claim.  Such a delay would prejudice Scotts.

> **B.     To Rely On Advice of Counsel, Defendant Must Make A <u>Full and Complete</u> Disclosure of the Legal Advice it Received.**

A party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery: failure to do so constitutes a waiver of the advice-of-counsel defense. *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 891, 894 (S.D.N.Y. 1993); *Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602, 615 (2d Cir. 1964) (ruling that attorney-client privilege claimed by the defendants had been waived as a result of defendants' pleading advice of counsel as a defense).  A defendant "may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes ... Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."  *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (internal citation omitted).

Further, waiver of privilege in an opinion of counsel applies broadly.  "A narrowly circumscribed waiver, at the discovery stage, creates a danger of a defendant utilizing favorable opinion letters while allowing unfavorable evidence to languish in their attorney's files under the protection of the work product doctrine."  *Dunhall Pharmaceuticals, Inc. v. Discus Dental, Inc.*, 994 F.Supp. 1202, 1204 (C.D. Ca. 1998).  Defendant must be required to produce documents that support its good faith defense as well as documents that contradict it.  *Id*. at 1205 ("If the attorney's files contain evidence contradicting or questioning the opinion relied on by the client, the plaintiff has a right to know about such evidence in order to fully question defendants and their counsel regarding that evidence, disclosure to the client, and other related issues.").  Indeed, if defendant is going to rely on some of its legal advice, plaintiff is entitled to discovery of privileged communications on the entire subject matter to "see the more complete picture so that it can offer any challenges to [defendant's] claims of good faith."  *Eco Manufacturing LLC v. Honeywell Int'l, Inc.*, 2003 WL 1888988 (S.D. Ind. April 11, 2003) (granting plaintiff's motion to compel production of additional discovery related to defendant's opinion of counsel).

### III.    **CONCLUSION**.

Given Defendant's continued assertion of the attorney-client privilege and refusal to produce its opinion of counsel and related documents, this Court should preclude Defendant from raising any advice-of-counsel defense at trial and from relying on any opinion of counsel and related documents to defend against Scotts' willful infringement claim and/or in support of Defendant's good faith defense. For the foregoing reasons, Scotts respectfully requests that the Court grant its Motion to Preclude Defendant from Relying on Any Opinion of Counsel at Trial.

Dated:   July 2, 2010                      Respectfully submitted,

/s/ David J. Butler
David J. Butler (0068455) (Trial Attorney)
dbutler@cwslaw.com
CHESTER, WILLCOX & SAXBE LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone:   (614) 221-4000
Facsimile:    (614) 221-4012

Susan E. Hollander (pro hac vice)
Kathryn B. Bartow (pro hac vice)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Bldg. 2
Palo Alto, California 94304
Telephone:   (650) 812-1300
Facsimile:    (650) 213-0260

*Attorneys for Plaintiffs*
*OMS Investments, Inc. and The Scotts Company LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Plaintiffs OMS Investments, Inc. and The Scotts Company LLC's Motion to Preclude Defendant Lebanon Seaboard Corporation From Relying on Any Opinion of Counsel at Trial* has been served by the Court's CM/ECF system this 2nd day of July, 2010 upon:

D. Michael Crites, Esq.
Gregory P. Mathews, Esq.
Jennie K. Ferguson, Esq.
Dinsmore & Shohl, LLP
191 West Nationwide Boulevard
Suite 300
Columbus, Ohio 3215

Holiday W. Banta, Esq.
Spiro Berveskos, Esq.
Woodard, Emhardt, Moriarty
  McNett & Henry, LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137

      /s/ David J. Butler
      David J. Butler

4835-4602-1382, v. 1