UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OMS INVESTMENTS, INC., a Delaware corporation, et al., | Case No. 2:07-cv-63-JDT-TAB |
| Plaintiffs, | JUDGE MARBLEY |
| v. | MAGISTRATE JUDGE ABEL |
| LEBANON SEABOARD CORPORATION, a Pennsylvania corporation, | |
| Defendant. | |

**DEFENDANT LEBANON SEABOARD CORPORATION'S MEMORANDUM IN SUPPORT OF ITS CROSS MOTION TO PRECLUDE PLAINTIFFS FROM MAKING ANY REFERENCE OR INFERENCE AT TRIAL REGARDING AN OPINION OF COUNSEL FOR LEBANON**

As presented in Lebanon Seaboard Corporation's ("Lebanon's") Cross Motion to Preclude Plaintiffs From Making Any Reference or Inference at Trial Regarding an Opinion of Counsel for Lebanon, Lebanon respectfully requests that this Court preclude Plaintiffs from presenting evidence about, making reference or inference at trial or otherwise regarding any opinion of counsel obtained by Lebanon and Lebanon's rightful invocation of its attorney-client privilege.

**I.     Lebanon's Objective Good Faith**

This lawsuit concerns Plaintiffs' allegations of trade dress infringement made against Lebanon's PREEN® Weed Preventer product label, PREEN® Weed Preventer Southern Formula product label, and five PREEN® lawn product labels. *See* Amended Complaint, Docket Entry ("D.E.") 107.  Scotts has further alleged that such infringement is willful. *Id*.  In its Fourth

Affirmative Defense to the Amended Complaint, Lebanon denies Plaintiffs' willful infringement claim on the ground that any actions on the part of Lebanon were performed in good faith. Amended Answer, D.E. 108.  As explained in great detail in Defendant Lebanon Seaboard Corporation's Response to Plaintiffs' Motion to Preclude Defendant from Relying on any Opinion of Counsel at Trial, Lebanon adopted the more modern look in good faith.  Lebanon used the yellow bottle with red cap that is its prior registered trade dress.  It updated its look using the help of outside consultants and a $500,000 consumer research project.  No likelihood of confusion with Scott's product was contemplated and none has occurred.  The outside marketing firms testified that they avoided creating a confusingly similar design.

Facing what it considers to be a frivolous case, Lebanon has decided not to waive its attorney/client privilege.

## II.     Plaintiffs Should be Precluded From Referring to Lebanon's Invocation of the Attorney-Client Privilege

Plaintiffs' in the Motion to Preclude point to Lebanon's Privilege Log and make the inference that some of the items identified therein "indicate Lebanon's awareness that its proposed 2005 trade dress was likely infringing, and a need to obtain advice of counsel on the issue." D.E. 118, p. 4.  That inference is false.  That Plaintiffs would make such a statement to the Court points out the need for this Court to address the issue at this time and prevent Plaintiffs from attempting to present to the jury or the Court a negative inference from Lebanon's proper and rightful invocation of the attorney-client privilege.  Such an inference is not only improper, but prejudicial.

This Court has previously addressed the situation when a plaintiff requested that a negative inference be drawn based on the defendant's invocation of the attorney-client privilege.

*U.S. v. United Tech. Corp.*, 2005 WL 6199561 at *3 (S.D. Ohio Feb. 2, 2005) (*citing Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 348 (1985)).  This Court understood the inequity of such a request and noted that "[i]f refusal to produce an attorney's opinion letter based on claim of the privilege supported an adverse inference, persons would be discouraged from seeking opinions, or lawyers would be discouraged from giving honest opinions.  Such a penalty for invocation of the privilege would have seriously harmful consequences."  *Id*. (*citing Nabisco, Inc. v. PF Brands, Inc.,* 191 F.3d 208, 226 (2d Cir. 1999)); *see also In re Tudor Assocs., Ltd., II,* 20 F.3d 115, 120 (4th Cir. 1994) ("A negative inference should not be drawn from the proper invocation of the attorney-client privilege.").  Further, the "attorney-client privilege protects 'interests and relationships which … are regarded as of sufficient social importance to justify some sacrifice of availability of evidence relevant to the administration of justice.'"  *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434 F.Supp.2d 810, 812 (E.D. Cal. 2006) (*citing Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004)).

If Plaintiffs are allowed to refer to the fact that Lebanon sought and received an opinion of counsel related to the packaging at issue, then a mere cautionary instruction to the jury that no negative inference should be made would have little effect.  Naturally, the jury would be left to speculate why Lebanon would not reveal its opinion of counsel.  *See id*.  Such speculation and the possible negative inferences drawn therefrom would essentially eviscerate the privilege's purpose.  *See id*. ("Indeed, how can the court honor the shield of the attorney-client privilege and then allow McKesson [plaintiff] to use it as a sword to prove its case?").

### III.     Conclusion

Given the improper and negative effect it would have on Lebanon's ability to defend against Plaintiffs' claims, Lebanon respectfully asks this Court to preclude Plaintiffs from introducing any evidence or argument at trial or otherwise regarding whether or not Lebanon has any opinions of counsel with regard to the issues in the case and regarding any inference that could be drawn from such information.  For the foregoing reasons, Lebanon respectfully requests that the Court grant Lebanon's Cross Motion in the form of order filed herewith.

                                        Respectfully submitted,

Dated:  July 26, 2010                   By:     s/Spiro Bereveskos
                                        Spiro Bereveskos (3905-49)
                                        judy@uspatent.com
                                        Holiday W. Banta (17852-49)
                                        hbanta@world-ip.com
                                        WOODARD, EMHARDT, MORIARTY,
                                          MCNETT & HENRY LLP
                                        111 Monument Circle, Suite 3700
                                        Indianapolis, IN  46204-5137
                                        (317) 634-3456
                                        (317) 637-7561 (facsimile)

                                        D. Michael Crites (0021333)
                                        Michael.crites@dinslaw.com
                                        Gregory P. Mathews
                                        Gregory.mathews@dinslaw.com
                                        Jennie K. Ferguson
                                        jennie.ferguson@dinslaw.com
                                        DINSMORE & SHOHL, LLP
                                        191 W. Nationwide Blvd., Suite 300
                                        Columbus, OH  43215
                                        (614) 628-6880
                                        (614) 628-6890 (facsimile)

                                        *Attorneys for Defendant Lebanon Seaboard Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 26, 2010, a true and accurate copy of Defendant Lebanon Seaboard Corporation's Memorandum in Support of Its Cross Motion to Preclude Plaintiffs From Making Any Reference or Inference at Trial Regarding an Opinion of Counsel for Lebanon was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic system.  Parties may access this filing through the Court's system.

David J. Butler
**CHESTER WILLCOX & SAXBE, LLP**
dbutler@cwslaw.com

Susan E. Hollander
**MANATT, PHELPS & PHILLIPS, LLP**
shollander@manatt.com

Laura M. Franco
**MANATT, PHELPS & PHILLIPS, LLP**
lfranco@manatt.com

Kathryn B. Bartow
**MANATT, PHELPS & PHILLIPS, LLP**
kbartow@manatt.com

                s/Spiro Bereveskos
                Spiro Bereveskos

Dated: July 26, 2010

#693750